IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00264-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. SASKIA IONA MESMER,

    Defendant.

_____

# ORDER
_____

    This matter is before the Court on defendant Saskia Mesmer's Motion For Sentence Reduction [Docket No. 119]. On August 28, 2019, Ms. Mesmer pled guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count 1"), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) ("Count 3"). *See* Docket No. 70. On December 30, 2019, the Court sentenced Ms. Mesmer to 70 months imprisonment for Count 1 and 60 months imprisonment for Count 3, to be served consecutively for a total term of imprisonment of 130 months, with three years of supervised release. *See* Docket No. 100. Ms. Mesmer is currently incarcerated at FCI Tallahassee in Florida. *See* Docket No. 129 at 7 n.4.

    Ms. Mesmer requests that the Court reduce her sentence to time served because (1) "gun charges are no longer stacked or served consecuti[vely] and (2) the

prison is "overcrowded and understaffed while dealing with a COVID-19 pandemic." Docket No. 119 at 2-3.

Section 3582(c)(1)(A) permits a district court to "reduce [a] term of imprisonment" in certain circumstances[1] "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Ms. Mesmer represents that she "has made a request to the warden and 30 days have passed without granting or denying the request" and thus asserts the she has exhausted administrative remedies. *See* Docket No. 119 at 2. However, the exhibit she attaches to her motion that purportedly establishes that she exhausted her remedies does not indicate that the Warden responded. *See id.* at 4. Moreover, the request only asks that the Warden "consider unstacking my gun charge," it says nothing regarding COVID-19 or compassionate release. *See id.* According to the government, the "BOP does not have within her

---

[1] Under 18 U.S.C. § 3582(c)(1)(A), the Court may order release if it finds that:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

administrative file the form (or any other request) that [d]efendant Mesmer attached to her motion." *See* Docket No. 129 at 6.

Given that Ms. Mesmer's exhibit does not establish that the Warden received the request, the request does not mention compassionate release, and the BOP has no record of her request, Ms. Mesmer has failed to establish that she has exhausted administrative remedies. Accordingly, the Court does not have jurisdiction to consider Ms. Mesmer's request for compassionate release. *See United States v. Keith*, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019) (finding that, where § 3582(c)(1)(A)'s exhaustion requirement is not satisfied, the court is "without jurisdiction to entertain [defendant's] request for compassionate release"); *see also United States v. Feiling*, 453 F. Supp. 3d 832, 840-41 (E.D. Va. 2020) (finding that the court is without authority to grant a sentence modification under § 3582(c)(1)(A) absent exhaustion of administrative remedies).[2]

It is therefore

---

[2] The Court also notes that, even if Ms. Mesmer had exhausted administrative remedies, she likely has failed to present any extraordinary or compelling reason to justify release. Ms. Mesmer does not assert she has any medical conditions that may result in higher risk to severe complications to COVID-19, and her previous offenses and small amount of time served likely do not warrant a reduction in her sentence to time served. Regarding her stacked gun charge claim, Ms. Mesmer was sentenced to only one § 924(c) count, and the purported stacked nature of her charges is otherwise not relevant to a compassionate release motion.

**ORDERED** that Saskia Mesmer's Motion For Sentence Reduction [Docket No. 119] is denied without prejudice.

DATED January 19, 2021.

                                           BY THE COURT:

                                           _____
                                           PHILIP A. BRIMMER
                                           Chief United States District Judge