IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Case No. 18-cr-00264-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. SASKIA IONA MESMER,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on defendant Saskia Mesmer's October 3, 2022 letter to the Court [Docket No. 141].

On August 28, 2019, defendant Saskia Mesmer pled guilty to Counts 1 and 3 of a three-count indictment. Docket No. 70. Ms. Mesmer pled guilty to possessing methamphetamine with intent to distribute in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C), Count 1, and to possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), Count 3. *Id.* at 1. On December 30, 2019, the Court sentenced Ms. Mesmer to 70 months imprisonment as to Count 1 and 60 months as to Count 3 to be served consecutively. Docket No. 95 at 1–2.

On September 26, 2022, Ms. Mesmer filed a letter with the Court. Docket No. 141. The entirety of Ms. Mesmer's letter is as follows:

> I was sentenced in your court on December 30, 2019 to a term of 130 months. During that time I was ineligible for First Step Act credit due to my charge: posse[ss]ion of a fire arm in furtherance of a drug trafficking crime. It is my understanding that due to *Davis v.*[ ] *United States* (No. 21-1778 7th Circuit

>August 4, 2022) this may have changed.  I am respectfully requesting the opportunity to become eligible to receive First Step Act credit.

*Id.*

Ms. Mesmer does not identify under what authority she "requests the opportunity to become eligible to receive First Step Act credit." Docket No. 141.  Moreover, she does not explain what she means by "First Step Act credit," why she believes she is entitled to such credit, and what authority the Court has to order that she be given the opportunity to become eligible to receive this credit.  *Id.*

The First Step Act of 2018 allows prisoners to earn time credits toward their sentence under certain circumstances.  *See* 18 U.S.C. § 3632(d)(4).  In particular,

>[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
>>(i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
>>(ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

*Id.*, § 3632(d)(4)(A).  The act provides that "[t]ime credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release." *Id.*, § 3632(d)(4)(C).  However, the act prohibits some prisoners from receiving time credits. *Id.*, § 3632(d)(4)(D).  These include prisoners "serving a sentence for a conviction under . . . Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." *Id.*  Ms. Mesmer's letter

2

appears to suggest that she is nevertheless entitled to receive time credits, what she calls "First Step Act credits," towards her sentence under the First Step Act. See Docket No. 141.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (citation omitted). Therefore, construing Ms. Mesmer's filing liberally, as the Court must do, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court must determine whether Ms. Mesmer's letter is a motion and under what statutory authority the motion is made. Courts have found that a motion challenging the Bureau of Prisons' ("BOP") computation of good time credits is a habeas petition made pursuant to 28 U.S.C. § 2241. *See United States v. Morgan*, 2019 WL 2208155, at *1 (D. Kan. May 22, 2019) ("Because Mr. Morgan is challenging the BOP's computation of his good-time credit, his motion must be filed as a petition for habeas corpus under 28 U.S.C. § 2241 rather than as a post-judgment motion in Mr. Morgan's criminal case." (citing *United States v. Yates*, 2019 WL 1779773, at *2 (D. Kan. Apr. 23, 2019) (construing defendant's motion under the First Step Act, in which defendant claimed that the BOP must recalculate his good time credits and give him twenty six extra days credit, as a § 2241 habeas petition because defendant was challenging the BOP's computation of his good time credits) (citing *Warren v. United States*, 707 Fed. Appx. 509, 511 n.4 (10th Cir. 2017) (unpublished) ("If . . . a prisoner seeks to challenge certain 'matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . affecting the fact or duration of the [prisoner's] custody,' that claim must be raised in a § 2241 application rather than a

§ 2255 motion.")); *see also Keeling v. Lemaster*, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023) ("In November 2022, Keeling filed a § 2241 petition, asserting that the Bureau of Prisons ("BOP") improperly denied him earned time credits under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194, on the ground that his § 924(c) conviction rendered him ineligible."). However, Ms. Mesmer's letter suggests only that *United States v. Davis*, 43 F.4th 683, 684 (7th Cir. 2022), "may have changed" her circumstances and allowed her to become eligible for time credits under the First Step Act. Docket No. 141. The letter appears to be a request for the Court to opine on whether she may be entitled to receive time credits towards her sentence under the First Step Act. However, it is not the proper function of the Court to issue advisory opinions. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021) ("federal courts do not issue advisory opinions"); *Hall*, 935 F.2d at 1110, ("we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant"). Therefore, Ms. Mesmer's request for the Court to clarify the implications of *Davis*, 43 F.4th 683, in this case is denied.[1]

Accordingly, it is

---

[1] Even if the Court were to construe Ms. Mesmer's letter as a § 2241 motion, the Court would deny the motion. "The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). There is no indication in Ms. Mesmer's letter that she has pursued an administrative remedy to receive time credits toward her sentence under the First Step Act. *See* Docket No. 141.

**ORDERED** that defendant Saskia Mesmer's October 3, 2022 letter to the Court [Docket No. 141], construed as a request to clarify the holding in *United States v. Davis*, 43 F.4th 683, 684 (7th Cir. 2022), is **DENIED**.

DATED May 6, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge